[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10785

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALDO GARFIELD GREEN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cr-60313-AHS-3

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ronaldo Green appeals his conviction and 78-month prison sentence for conspiracy to commit wire and bank fraud. He contends that the district court abused its discretion by admitting evidence of a simultaneous lottery scam in which he and his codefendants participated. Green also challenges the procedural and substantive reasonableness of his sentence. All his claims fall short, and we affirm accordingly.

The facts are known to the parties, and we repeat them here only as necessary to decide the case.

## I.

Green first contends that the district court erred in admitting evidence of an uncharged lottery scheme in which he took part during the same time period as the wire and mail fraud counts for which he was convicted. When an appellant challenges an evidentiary ruling on appeal, we "will not disturb the [district] court's judgment absent a clear abuse of discretion." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

Federal Rule of Evidence 404(b) prohibits the introduction of evidence of an uncharged crime to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule allows such evidence, however, for other purposes, "such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2), at least so long as its probative value outweighs its potential prejudice, Fed. R. Evid. 403.

The evidence of the uncharged lottery scheme was admissible because it went to Green's motive or intent to commit the charged offenses, an explicit Rule 404(b) exception. By pleading not guilty, Green made his intent a material issue in the case, so the government was entitled to prove his intent through evidence under Rule 404(b). *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007). The lottery scam evidence illustrated Green's intent and motive to defraud the Social Security Administration and Veterans Administration because Green and his coconspirators executed the two schemes in factually similar manners. The two schemes had similar targets, they both were based on financial fraud committed by the same individuals, and the offenses occurred for similar durations and during similar timeframes.

Based on those similarities, we agree with the district court that the probative value of the lottery scheme evidence outweighed the risk of undue prejudice. To make that determination, we consider: (1) the government's incremental need for the evidence to prove guilt beyond a reasonable doubt; (2) the similarity of the extrinsic act and the charged offense; and (3) the closeness in time between the extrinsic act and the charged offense. *United States v. Ellisor*, 522 F.3d 1255, 1268 (11th Cir. 2008). All three of those considerations are present here. The government required

the lottery scheme evidence to prove Green's intent to commit the charged offenses, and the factual and temporal circumstances of both the charged and uncharged offenses are similar.

Any residual prejudicial concern was ameliorated by the district court's several admonitions to the jury that the evidence of the lottery scheme solely be considered for its legitimate uses under Rule 404(b).  Thus, the district court didn't abuse its discretion in admitting evidence of the lottery scheme.

## II.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Grant*, 397 F.3d 1330, 1332 (11th Cir. 2005).  In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the Guidelines range or failing to consider the § 3553(a) factors.  *Gall*, 552 U.S. at 51.  Green first contends that the district court erroneously imposed a two-level increase because it mistakenly calculated the guidelines as if Green had harmed more than ten people.  He alleges that he wasn't eligible for the enhancement because only two of his victims had yet to be reimbursed for their losses.

The Sentencing Guidelines require increasing a defendant's offense level by two levels if the offense involved ten or more

victims. U.S.S.G. § 2B1.1(b)(2)(A)(i). A person is a "victim" if the individual "sustained any part of the actual loss" as determined by § 2B1.1(b)(1). *Id.* § 2B1.1, cmt. n.1. The Guidelines define an "actual loss" as a "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* § 2B1.1, cmt. n.3(A)(i).

In *United States v. Lee*, we held that a person who was reimbursed for his losses still qualified as a victim under § 2B1.1(b)(2)(A) because the Guidelines include reimbursed losses in related loss calculations. 427 F.3d 881, 894–95 (11th Cir. 2005). In other words, a victim who suffers losses is still a victim for Guidelines-calculation purposes even if she has been reimbursed.

The district court didn't err in imposing a two-level increase for the number of victims of Green's offense. First, this Court's precedent in *Lee* forecloses Green's argument that the individual victims who were reimbursed weren't victims under § 2B1.1(b)(2)(A). *See id.* Second, to the extent that Green separately contends that the individual victims can't count for § 2B1.1(b)(2) purposes because the PSI listed only the VA and SSA as victims, the PSI specified that the VA and SSA were the only victims "for restitution purposes." The definition of "victims" for § 2B1.1(b)(2) and restitution purposes aren't identical. *Compare* U.S.S.G. § 2B1.1 cmt. n.1 *and* 18 U.S.C. § 3663A(a)(2). While reimbursement renders the individual victims ineligible for *restitution*, it doesn't negate their victim status under § 2B1.1(b)(2). *See United States v. Martin*, 803 F.3d 581, 594 (11th Cir. 2015); *Lee*, 427 F.3d at 894–95. Therefore, the district court properly calculated Green's

guidelines by applying a two-level increase for having harmed more than ten people.

Next, Green contends that the district court committed procedural error because his sentence reflects an unwarranted disparity in comparison to his codefendants. A "well-founded claim" that the district court imposed a sentence with an unwarranted disparity "assumes that apples are being compared to apples," meaning that the defendant actually is similarly situated to the codefendants to whom he wishes to be compared. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). Here, we have a case of apples and oranges. While Green's codefendants received lower sentences than Green, all but one of them entered plea agreements. Green, by contrast, pleaded not guilty and went to trial. Green also conceded that the one coconspirator who didn't enter a plea agreement played a less significant role in the offense than he did. Thus, Green's sentence isn't unduly disparate as compared to his codefendants because his codefendants weren't similarly situated to him.

Green further alleges that the district court improperly weighed the relevant factors in imposing his sentence because it overstated the seriousness of his offense. In particular, he points to the district court's failure to consider his inability to pay restitution while in prison, general statistics on recidivism, and his extensive employment history and family ties. This Court "commits to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor," *United States v. Perkins*, 787 F.3d 1329, 1342

(11th Cir. 2015), and the district court is "permitted to attach great weight to one factor over others," *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks omitted). This Court will vacate a district court's sentence "only if [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). The record shows the district court carefully weighed several relevant sentencing factors. To the extent that the district court didn't specifically name the particular factors that Green now raises on appeal, it wasn't required to. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding that the district judge needn't "state on the record that [he] has explicitly considered each of the § 3553(a) factors or to discuss each of the[m]"). Thus, we are not left with the "definite and firm conviction" that the district court abused its considerable discretion.

Finally, Green contends that his sentence was substantively unreasonable because it was "greater than necessary" to fulfill the purposes of § 3553(a). "Although we do not automatically presume a sentence within the guidelines range is reasonable, we 'ordinarily . . . expect a sentence within the Guidelines range to be reasonable.'" *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration in original). A sentence "at the lowest end of the applicable guidelines range" further supports the reasonableness of

that sentence. *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016). Green was sentenced to the lowest possible sentence within his sentencing guidelines range. For all the foregoing reasons, we have no reason to conclude that the sentence is substantively unreasonable, especially given the magnitude of Green's expansive mail and wire fraud scheme. Thus, the district court imposed a substantively reasonable sentence, and we affirm.

**AFFIRMED.**